Shiextag, J.
There are cross appeals, by plaintiffs and defendant, in this action to recover damages pursuant to the *116 provisions of the Commercial Rent Law and the Business Rent Law (L. 1945, ch. 3, § 8, subd. [d], as amd.; L. 1945, ch. 314, as amd.), on the ground that the landlord, before the expiration of one year, rented to a third person a portion of the premises formerly occupied by the plaintiffs. The fifth defense is clearly insufficient in law and we find it necessary to consider only one point, namely, the sufficiency of the first defense setting up a release entered into between the parties.
It appears from this defense that the landlord’s summary proceeding to remove the plaintiffs (tenants) on the ground that it wished to occupy the premises for its own use was settled by the entry of a consent order awarding possession to the defendant (the landlord). Simultaneously an eight-months’ stay was granted to the tenants, and mutual releases were exchanged. The release executed by the tenants recites: ‘ ‘ Upon removal of the tenants and the under-tenant from said premises each of the parties hereto shall be deemed and hereby does release the other of and from any claim or demand, present or future, which either of them might or could have against the other arising out of or in connection with the occupancy in the premises by the respective tenants and under-tenant. ’ ’
About eight months after the landlord finally obtained possession it leased to a third party a portion of the premises of which it had obtained possession in the summary proceeding above referred to supposedly for its own use. As an answer to the claim for the special damages provided by the statute (L. 1945, ch. 3, § 8, subd. [d], as amd.), this release is pleaded, and it is urged that the plaintiffs release the claim in advance by the reference in the release to any “ future ” claim. (L. 1945, ch. 3, § 8, subd. [d]; L. 1945, ch. 314.)
Since it is obvious that this claim was not in existence at the time the release was given, it could not have been technically released. It is possible that the reference to any “ future ” claim might be interpreted under some conditions as a waiver of the present cause of action. But it is against the public policy of the law to interpret the release in this manner, under the circumstances of this case, because section 12 of the Commercial Rent Law (as added by L. 1945, ch. 315, § 3) provides: ‘ ‘ Any waiver of any of the provisions of this act shall be unenforceable and void.”
We, therefore, hold that, to the extent that this release by its reference .to any “ future” claim attempted to waive any subsequent wrongful violation of the act referred to, it is unen *117 forcible and void and therefore of no effect as a defense. But the good faith of the landlord in dispossessing the tenants and renting to a third person before the expiration of a year, a portion of the premises formerly occupied by the dispossessed tenants always remains as a defense to the action and it is so pleaded in the answer (Kauffman & Sons Saddlery Co. v. Miller, 298 N. Y. 38).
The order, insofar as it denied plaintiffs’ motion to strike out the first separate and distinct defense, should be unanimously reversed and the motion granted; and, insofar as it granted plaintiffs’ motion to strike out the fifth separate and distinct defense, should be unanimously affirmed, with $20 costs and disbursements to the plaintiffs.
Doee, J. P., Cohn, Callahan and Van Voorhis, JJ., concur.
Order, insofar as it denied plaintiffs’ motion to strike out the first separate and distinct defense, be and the same is hereby unanimously reversed and the motion granted; order, insofar as it granted plaintiffs’ motion to strike out the fifth separate and distinct defense, unanimously affirmed, with $20 costs and disbursements to the plaintiffs. [See post, p. 822.]